Jeanie Lombard
2280 N. Love Dr.
Palmer Alaska 99645
907-631-2905
jzoolk@yahoo.com

Barbara Williams
Advocate and Agent for
Jeanie Lombard
1535 N. Pioneer Peak Dr.
Wasilla, Alaska 99654
907-854-5367


RECEIVED
DEC 02 2025
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEANIE LOMBARD and BARBARA WILLIAMS as ADVOCATE and AGENT for JEANIE LOMBARD<br>　　　Plaintiff(s)<br><br>v.<br><br>MATANUSKA–SUSITNA BOROUGH SCHOOL DISTRICT, NEA ALASKA<br><br>　　　Defendant(s) | Case No.: 3:25-cv-00341-SLG |

## CIVIL RIGHTS COMPLAINT FOR THE FOLLOWING VI8OLATIONS:

(1) ADA FAILURE TO ACCOMMODATE

(2) ADA RETALIATION

(3) ADA DISABILITY DISCRIMINATION

Lombard vs MSBSD etal
Civil Rights Violation Complaint
Page **1** of **9**

(4) SECTION 504 VIOLATIONS

(5) HOSTILE WORK ENVIRONMENT

(6) 42 U.S.C. § 1983 CIVIL RIGHTS VIOLATIONS

(7) WRONGFUL INTERFERENCE WITH COURT ORDER

(8) PRIVACY BREACHES RELATED TO MEDICAL INFORMATION HIPPA VIOLATION

## I. INTRODUCTION

This is a civil action for disability discrimination, retaliation, failure to accommodate, violation of federal disability rights, interference with a court-ordered stipulation agreement, and unlawful conduct by Defendant Matanuska-Susitna Borough School District ("MSBSD") and NEA ALASKA as listed in the above caption.

Plaintiff, a tenure preschool teacher with over 20 years of employment and with documented disabilities, who has a history of being regarded as a person with disabilities since her early age of employment. brings these claims forward under federal statute, regulation, and administrative code.

a. Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et seq.

b. ADA Retaliation, 42 U.S.C. §12203

c. Section 504 of the Rehabilitation Act, 29 U.S.C. §794

d. 42 U.S.C. §1983 (deprivation of federal rights)

e. Relevant privacy standards (HIPAA-related confidentiality principles)

and any other regulation statute or code that supports or coincides with the above list.

From 2014 through the current date the (MSBSD and NEA Alaska, have engaged in discrimination, retaliation, and deliberate interference with Plaintiff's legally protected rights, including attempting to invalidate a court-ordered stipulation agreement and threatening adverse action because of Plaintiff's disabilities and accommodation needs.

## II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiff's claims arise under federal law.

Venue is proper in the District of Alaska under 28 U.S.C. §1391(b), as all events occurred within this District.

## III. PARTIES

Plaintiff Jeanie Lombard is a resident of Alaska and an employee of MSBSD who has documented disabilities that were present upon hire.

Defendant MSBSD is a public school district that employs more than 15 employees, receives federal funding, and is subject to ADA Title I, Section 504, and 42 U.S.C. §1983.

NEA Alaska is a Union representing all schoolteachers employed in the State of Alaska.

Any third party used as providing goods and services for accommodation, listed for the discrimination support or actions by the MSBSD or the NEA Alaska actions that support the employer over federal regulation which is required to comply with the ADA regulations, rules and laws.

## IV. FACTUAL BACKGROUND

Plaintiff is a preschool teacher with documented disabilities requiring multiple workplace accommodations supported by many medical providers and examinations from the dates of 2014 through present.

Plaintiff participated faithfully in the ADA interactive process for several years.

A court-ordered stipulation agreement (entered in a prior matter that was closed for the Plaintiff's Attorney's malpractice for failure to prosecute negating the interim stipulation which is currently within the six years of enforcement pursuant to Alaska Statute regarding contract law, established accommodations, the School District is legally required to provide entered into in March 2020.

In 2025, District administrators informed Plaintiff and her union representative that the stipulation agreement was "no longer binding" because it had "not been enforced by the closure of the case," and asserted the MSBSD could now discipline or terminate Plaintiff "like any other employee."

This assertion is legally incorrect and constitutes unlawful interference with federally protected rights.

Plaintiff continued in good faith to request reasonable accommodation, supported by medical documentation.

Shortly afterward, the MSBSD, compiled a 120-page packet containing nearly every communication related to Plaintiff's disability, ADA requests, and a trivial "coffee incident," which appears pretextual and retaliatory.

The MSBSD also deceived the Plaintiff by putting an observer in her classroom to compile daily activities and procedure this observer was there under false pretense and was there to keep notes on the Plaintiff which is a violation of federal law and a deprivation to her according to 42 U.S.C. §1983.

Plaintiff's union representative warned her that disciplinary action or termination may occur before the next scheduled ADA meeting, and that the consequences could be catastrophic for Plaintiff's employment. , In addition this same

representative failed to give documents and information to Plaintiff according to the regulations of the rules of the union and their contract with union members. .

This has been an ongoing issue where the Plaintiff has had to fight for her own rights and accommodation from 2014 to today while being forced to purchase and on her own for her to conduct her job as described and the Defendants have denied covering

Plaintiff has been punished with discipline on two separate occasions, and her wages have been withheld, Plaintiff believes that this is due to adverse action by the Defendant's conduct, threats, actions and preparation of large investigatory files targeting ADA activity resulting in thus far being suspended from work without pay.

The Defendants have revoked, denied, or reduced accommodations historically provided under the stipulation agreement and ADA process violating contract law in the State of Alaska and ADA compliance.

The Defendants have undermined the interactive process by denying accommodation, altering previously granted support and refusing to schedule meetings outside protected time accommodations additionally requiring Plaintiff's involvement in meetings and other tasks outside of her scheduled work time causing her to attend without pay.

Plaintiff has repeatedly notified the Defendant's in writing of concerns regarding retaliation, confidentiality breaches, and improper handling of disability-related issues.

The Defendant's actions constitute a pattern of retaliation, discrimination, hostile work environment, unlawful interference with Plaintiff's rights under federal law and extreme hardship.

## V. CLAIMS FOR RELIEF

**COUNT I: ADA FAILURE TO ACCOMMODATE (42 U.S.C. §12112(b)(5)(A))**

Plaintiff incorporates all prior paragraphs.

Plaintiff is a qualified individual with a disability under the ADA.

Defendant MSBSD failed to provide reasonable accommodation, necessary for Plaintiff to perform essential job functions.

Defendants revoked, denied, or unreasonably delayed accommodations.

Defendants interfered with previously granted accommodation under a court-approved stipulation.

## COUNT II: ADA RETALIATION (42 U.S.C. §12203)

Plaintiff engaged in protected ADA activity by requesting accommodation and opposing discrimination.

Defendant retaliated by:

a. collecting and assembling pretextual documentation

b. threatening adverse action

c. imposing unwarranted discipline

d. declaring the stipulation void

e. revoking accommodations

f. targeting Plaintiff's protected activity

A causal connection exists between Plaintiff's ADA activity and the Defendant's retaliatory conduct.

## COUNT III: ADA DISABILITY DISCRIMINATION (TITLE I)

Defendants discriminated against Plaintiff on the basis of disability by subjecting Plaintiff to different, harsher, and unlawful treatment in employment.

## COUNT IV: SECTION 504 OF THE REHABILITATION ACT

Defendant receives federal funds and is subject to Section 504.

Defendant denied Plaintiff equal access, discriminated based on disability, and retaliated for protected activity.

### COUNT V: HOSTILE WORK ENVIRONMENT (ADA / REHAB ACT)

Defendants created a retaliatory and hostile work environment through public confrontations, excessive scrutiny, unnecessary investigatory actions, confidentiality breaches and unwarranted discipline.

### COUNT VI: 42 U.S.C. §1983 – DEPRIVATION OF RIGHTS

Defendants, acting under color of state law, interfered with Plaintiff's federally protected disability rights and the validity of a court-ordered stipulation agreement on their own accord and modified this agreement as they saw fit.

### COUNT VII: PRIVACY VIOLATIONS (HIPAA-RELATED CONFIDENTIALITY)

Defendant mishandled, shared, and improperly referenced confidential medical information.

These actions breached professional standards and federal confidentiality expectations.

### DAMAGES

Plaintiff seeks:

a. Back pay

b. Front pay

c. Compensatory damages

d. Emotional distress damage

e. Punitive damages

f. Attorney's fees, Paralegal fees, Advocate fees and costs for both the State of Alaska case as well as having to bring this Federal case under (42 U.S.C. §1988)

g. Any other relief the Court deems just and proper

**VII. INJUNCTIVE RELIEF**

Plaintiff requests an order requiring the Defendant's to:

a. Reinstate all accommodation immediately and comply with the agreed Stipulation.

b. Cease retaliation

c. Re-enter and honor the stipulation agreement

d. Prohibit adverse action during the ADA process

e. Comply with ADA and Section 504 requirements

f. Recognize that this has been ongoing and award the above requested damages for each action that has taken place by any listed Defendant or their employees.

g. Require training for all ADA parties with continuing education in ADA compliance and insensitivity classes in an approved federal ADA compliance program with resolution modules that measure outcomes.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants on all counts, including damages, injunctive relief, and all forms of just and proper relief that this Court can and shall provide.

Dated this 29 Day of Nov, 2025

*Jeanie Lombard*
Signature of Plaintiff, Jeanie Lombard prose

*Barbara Williams*
Signature of Plaintiff, Barbara Williams prose