# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JEANIE LOMBARD, *et al.*,

        Plaintiffs,

        v.

MATANUSKA-SUSITNA BOROUGH
SCHOOL DISTRICT, *et al.*,

        Defendants.

Case No. 3:25-cv-00341-SLG

## ORDER ON FIVE PENDING MOTIONS

This order addresses the following five motions that are pending before the Court[1]:

1. At Docket 6 is Defendant Matanuska-Susitna Borough School District ("MSBSD")'s Motion to Dismiss for Failure to State a Claim. Plaintiffs Jeanie Lombard and Barbara Williams (collectively "Plaintiffs") responded in opposition at Docket 11, to which MSBSD replied at Docket 23.

2. At Docket 12 is Plaintiffs' Cross Motion to Amend Complaint Adding Claims for Barbara Williams Individually and Dismissing Defendant NEA Alaska

---

[1] At Docket 31 is Plaintiffs' Request for Ruling on All Open Motions Especially Injunctions Regarding Preservation of Evidence and Request for Sanctions. The Court will address this sanctions request by separate order.

From This Matter. MSBSD responded to the motion at Docket 23; Defendant NEA-Alaska ("NEA") responded to the motion at Docket 25. Plaintiffs did not file a reply.

3. At Docket 26 is Plaintiffs' Request for Expedited Oral Argument for Preliminary Injunction and Temporary Restraining Orders. No response was filed.

4. At Docket 28 is Plaintiffs' Request for Extension of Time to Exchange Discovery Needed According to Court's Pretrial Deadlines. No response was filed.

5. At Docket 30 is Plaintiffs' Request for Expedited Consideration for Request for Ruling on All Open Motions. No response was filed.

The Court finds that oral argument was not necessary to determine these motions. Accordingly, the request for oral argument included in the motion at Docket 26 is **DENIED**.

### BACKGROUND

This case concerns disability discrimination and retaliation claims brought by Ms. Lombard and Ms. Williams against Ms. Lombard's employer, MSBSD. Ms. Lombard states she is "a tenure[d] preschool teacher with over 20 years of employment" and an "employee of MSBSD who has documented disabilities that were present upon hire."[2] Ms. Williams is described as Ms. Lombard's "Advocate and Agent."[3]

---

[2] Docket 1 at 2-3.

[3] Docket 1 at 1.

Case No. 3:25-cv-00341-SLG, *Lombard, et al. v. MSBSD et al.*
Order on Five Pending Motions
Page 2 of 26
Case 3:25-cv-00341-SLG     Document 33     Filed 04/09/26     Page 2 of 26

On December 2, 2025, Plaintiffs filed a Complaint, asserting seven claims.[4] As relief, Plaintiffs seek monetary damages, including back pay and front pay for Ms. Lombard, and injunctive relief.[5] The seven claims are as follows:

1. Count I: ADA Failure to Accommodate (42 U.S.C. § 12112(b)(5)(A));

2. Count II: ADA Retaliation (42 U.S.C. § 12203);

3. Count III: ADA Disability Discrimination (Title I);

4. Count IV: Section 504 of the Rehabilitation Act;

5. Count V: Hostile Work Environment (ADA/REHAB Act);

6. Count VI: 42 U.S.C. § 1983 - Deprivation of Rights; and

7. Count VII: Privacy Violations (HIPAA-Related Confidentiality).

On December 19, 2025, MSBSD filed a Motion to Dismiss for Failure to State a Claim, seeking "to dismiss Barbara Williams as a plaintiff in this matter because she has failed to state a claim pursuant to FRCP 12(b)(6) and because she is not a real party in interest to FRCP 17(a)."[6] According to MSBSD, "Ms. Williams has failed to state a claim because she has not alleged that she is an employee of Defendant MSBSD or that she suffered any adverse employment action" as

---

[4] Docket 1.

[5] Docket 1 at 7-8. Although the case caption refers to "Plaintiffs" and the Complaint is signed by both Ms. Lombard and Ms. Williams, the parties and factual background sections of the Complaint reference only Ms. Lombard. *See,* Docket 1 at 1, 3-7, 9.

[6] Docket 6 at 1.

defined under the ADA or Section 504 of the Rehabilitation Act ("RA").[7]

On January 14, 2026, Plaintiffs filed their opposition to the motion to dismiss and a Cross Motion to Amend Complaint Adding Claims for Barbara Williams Individually and Dismiss Defendant NEA Alaska From This Matter.[8] In that filing, Plaintiffs request the Court to allow them to amend their Complaint with additional factual allegations as to Ms. Williams and to add additional claims.[9] Plaintiffs' proposed First Amended Complaint ("FAC") seeks to add the following additional claims: (7) Wrongful Interference with Court Order; (9) Loss of Enjoyment of Life; (10) Emotional Duress; (11) Loss of Wages; (12) Harassment; and (13) Bias.[10]

In the proposed FAC, Ms. Lombard alleges that she has suffered emotional duress and reputational harm due to MSBSD's actions that "cause shame for having her said disabilities."[11] Ms. Williams is described as an "[a]dvocate who attempted to negotiate and help Jeanie Lombard with her journey in receiving the

---

[7] Docket 6 at 3.

[8] Dockets 11, 12. Consistent with the District of Alaska's policy for a filing that contains both an opposition and a cross-motion, there are two separate docket entries contain the same filing. This order cites to Docket 12 and Docket 12-2.

[9] Docket 12 at 2.

[10] Docket 12-2 at 1-2. The "Wrongful Interference with Court Order" claim was included in the original Complaint but not included in the original Complaint's Claims for Relief; the "Privacy Breaches Related to Medical Information HIPAA Violation" claim was initially listed as Count VIII in the original Complaint, but then listed as Count VII in the Claims for Relief of both the original Complaint and the First Amended Complaint. *See* Docket 1.

[11] Docket 12-2 at 5.

simple yet necessary accommodations [and] participated faithfully in the ADA interactive process for several years along the side of Jeanie."[12]

On January 23, 2026, the Court denied Plaintiffs' Motion for Expedited Consideration for Expedited Petition for Temporary Restraining Order, Preliminary Injunction and Evidence Preservation.[13] In that order, the Court found that although Ms. Lombard had been placed on administrative leave, she "has administrative remedies available to her in the event of an unfavorable determination by the school district."[14]

## LEGAL STANDARDS

### I.  Rule 12(b)(6)

A party may seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for a complaint's "failure to state a claim for which relief can be granted." "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[15] Nonetheless, "the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual

---

[12] Docket 12-2 at 5.

[13] Docket 22.

[14] Docket 22 at 2.

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

allegations."[16]

When a motion to dismiss for failure to state a claim is granted, a court "should freely give leave when justice so requires."[17]  However, "leave may be denied if amendment of the complaint would be futile."[18]  Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[19]

## II.    Rule 12(b)(1)

Although MSBSD does not cite Federal Rule of Civil Procedure 12(b)(1) in its motion, the Court construes MSBSD's standing argument in its reply at Docket 23 as seeking dismissal of Ms. Williams under Rule 12(b)(1).  A lack of standing necessitates dismissal of an action under Federal Rule of Civil Procedure 12(b)(1) for want of jurisdiction.  "A Rule 12(b)(1) jurisdictional attack may be facial or factual."[20]

In this case, MSBSD brings a facial attack.[21]  "In a facial attack, the

---

[16] *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).

[17] Fed. R. Civ. P. 15(a).

[18] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[19] *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[20] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).

[21] *See* Docket 23 at 3.

Case No. 3:25-cv-00341-SLG, *Lombard, et al. v. MSBSD et al.*
Order on Five Pending Motions
Page 6 of 26
Case 3:25-cv-00341-SLG     Document 33     Filed 04/09/26     Page 6 of 26

challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."[22]  "The district court resolves a facial attack" on standing under Rule 12(b)(1) "as it would a motion to dismiss under Rule 12(b)(6)" by determining whether the plausible allegations in the complaint, accepted as true, "are sufficient as a legal matter to invoke the court's jurisdiction."[23]

### III.    Rule 17(a)(3)

Under Federal Rule of Civil Procedure 17(a)(1), "[a]n action must be prosecuted in the name of the real party in interest."

### IV.    Preliminary Injunctive Relief

The standard for obtaining a temporary restraining order is "substantially identical" to that for a preliminary injunction.[24]  In *Winter v. Natural Resources Defense Council, Inc.*, the United States Supreme Court held that plaintiffs seeking preliminary injunctive relief must establish each of the following four elements:  that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest.[25]  The Supreme

---

[22] *Safe Air for Everyone*, 373 F.3d at 1039.

[23] *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

[24] *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

[25] 555 U.S. 7, 20 (2008).

Court in *Winter* characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[26]

Following *Winter*, the Ninth Circuit addressed the first element—the likelihood of success on the merits—and held that its "serious questions" approach to preliminary injunctions was still valid "when applied as part of the four-element *Winter* test."[27] Under that approach, if a plaintiff shows "that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor.'"[28] Serious questions "need not promise a certainty of success, nor even present a probability of success, but must involve a fair chance of success on the merits."[29] All four *Winter* elements must still be satisfied under this approach.[30]

## DISCUSSION

### I. Dismissal of NEA Alaska

At Docket 12, Plaintiffs seek an order "dismissing Defendant NEA Alaska as

---

[26] *Id.* at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).

[27] *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011).

[28] *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (emphasis in original) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

[29] *Id.* (internal quotation marks omitted) (quoting *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (en banc)).

[30] *See All. for the Wild Rockies*, 632 F.3d at 1135 ("Of course, plaintiffs must also satisfy the other *Winter* factors."); *see also Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013) (describing standard for preliminary injunction).

Case No. 3:25-cv-00341-SLG, *Lombard, et al. v. MSBSD et al.*
Order on Five Pending Motions
Page 8 of 26
Case 3:25-cv-00341-SLG    Document 33    Filed 04/09/26    Page 8 of 26

after the additional research [*sic*] found that at this time NEA Alaska is not fit to be a party to this matter."[31]  In its response to Plaintiffs' cross motion, MSBSD does not oppose Plaintiffs' request to dismiss NEA Alaska as a Defendant.[32]  And "NEA agrees with Plaintiff that NEA is not a proper party and therefore should be dismissed by this Court without prejudice."[33]

In light of the foregoing, Plaintiffs' cross motion at Docket 12 is **GRANTED IN PART** as to the dismissal of NEA Alaska as a named Defendant in this matter.

## II.    Dismissal of Barbara Williams

MSBSD seeks to dismiss Barbara Williams as a named Plaintiff on three different bases: (1) Rule 12(b)(6);[34] (2) standing;[35] and (3) Rule 17(a).[36]  Because, for the reasons discussed below, the Court finds that dismissal of the Complaint as to Ms. Williams is warranted under Rule 12(b)(6), it does not reach MSBSD's alternative bases for dismissal.

MSBSD seeks to dismiss "Barbara Williams as a plaintiff in this matter because she has failed to state a claim pursuant to FRCP 12(b)(6)."[37]  MSBSD

---

[31] Docket 12 at 2.

[32] Docket 23.

[33] Docket 25 at 1.

[34] Docket 6 at 1.

[35] Docket 23 at 3.

[36] Docket 6 at 1.

[37] Docket 6 at 1.

Case No. 3:25-cv-00341-SLG, *Lombard, et al. v. MSBSD et al.*
Order on Five Pending Motions
Page 9 of 26
Case 3:25-cv-00341-SLG     Document 33     Filed 04/09/26     Page 9 of 26

maintains that in the original Complaint, Jeanie Lombard is the sole plaintiff because: (1) "In Section III of the Complaint, Parties, Ms. Williams is not listed as a party to the lawsuit"; (2) "In Section IV of the Complaint, Factual Background, Ms. Williams is not listed as a participant in any of the events which give rise to this lawsuit"; and (3) "In Section V of the Complaint, Claims for Relief, Ms. Williams is not seeking any relief on her behalf."[38]

In Plaintiffs' filing at Docket 12, Plaintiffs state that "Barbara Williams' name not being listed individually was an error on my part" and attach their proposed FAC as an accompanying exhibit.[39] In determining MSBSD's motion to dismiss, the Court has considered the proposed FAC. But upon review, the proposed FAC still does not plead sufficient facts as to Ms. Williams to state a claim as to Counts I, II, and III—the only counts in the proposed FAC that name Ms. Williams.[40]

### A. Count I (ADA Failure to Accommodate) and Count III (ADA Disability Discrimination)

Title II of the ADA prohibits discrimination on the basis of disability in the programs, services, or activities of a public entity.[41] A public entity under the ADA includes a state government as well as a "department, agency, special purpose

---

[38] Docket 6 at 2.

[39] Docket 12 at 2; Docket 12-2.

[40] Counts IV through VII of the proposed FAC only refers to a singular "Plaintiff" or "Jeanie"; there is no mention of Ms. Williams. *See* Docket 12-2 at 12-13.

[41] 42 U.S.C. §§ 12101, *et seq.*

district, or other instrumentality of a State."[42]  Federal regulations require a public entity to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity."[43]

"To establish a *prima facie* case for failure to accommodate under the ADA, [a plaintiff] must show that '(1) [s]he is disabled within the meaning of the ADA; (2) [s]he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) [s]he suffered an adverse employment action because of [her] disability.'"[44]

To state a *prima facie* claim of disability discrimination under the ADA, a plaintiff must allege facts that plausibly show that "(1) [she] is a disabled person within the meaning of the [ADA]; (2) [she] is a qualified individual with a disability; and (3) [she] suffered an adverse employment action because of [her] disability."[45]

Plaintiffs do not allege that Ms. Williams is a disabled person within the meaning of the ADA.  In the proposed FAC, Ms. Williams is described as "a

---

[42] *See* 42 U.S.C. § 12131(1) (defining "public entity").

[43] 28 C.F.R. § 35.130(b)(7).

[44] *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012) (alterations in original) (first citing *Allen v. Pac. Bell,* 348 F.3d 1113, 1114 (9th Cir. 2003) (*overruled on other grounds*)); and then citing 42 U.S.C. §§ 12112(a), (b)(5)(A)).

[45] *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001).

Case No. 3:25-cv-00341-SLG, *Lombard, et al. v. MSBSD et al.*
Order on Five Pending Motions
Page 11 of 26
Case 3:25-cv-00341-SLG     Document 33     Filed 04/09/26     Page 11 of 26

certified Advocate to assist and ensure that all areas of Disability are handled in a fair and unbiased manner in regards to any disabled persons . . ."[46]  Because Ms. Williams is not a disabled person within the meaning of the ADA, she cannot state a claim for disability discrimination or for failure to accommodate a disability. Therefore, Counts I and III of the original Complaint as to Ms. Williams must be dismissed.  Further, the Court finds that according leave to amend as to those Counts as to Ms. Williams would be futile.[47]

### B. Count II (ADA Retaliation)

With respect to Claim II, a non-disabled plaintiff may bring a claim for retaliation under the ADA.  In *Barker v. Riverside County Office of Education*, the Ninth Circuit held that the anti-retaliation provision in both Section 504 of the RA and Title II of the ADA "grants standing to non-disabled people who are retaliated against for attempting to protect the rights of the disabled."[48]  In *Barker*, the Ninth Circuit held that a non-disabled special education teacher who alleged that she "engaged in activities opposing her school's special education policies that allegedly violated the ADA" and "was intimidated by her supervisor for her role in advocating for her students" had standing under Title II's anti-retaliation

---

[46] Docket 12-2 at 4.

[47] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[48] *Barker v. Riverside Cty. Office of Educ.*, 584 F.3d 821, 825 (9th Cir. 2009).

Case No. 3:25-cv-00341-SLG, *Lombard, et al. v. MSBSD et al.*
Order on Five Pending Motions
Page 12 of 26
Case 3:25-cv-00341-SLG    Document 33    Filed 04/09/26    Page 12 of 26

provision.[49]

Count II of the proposed FAC alleges that because of MSBSD's alleged retaliation against Ms. Lombard, Ms. Williams "has been forced to compile and communicate a plethora of times in an attempt to get them to accommodate" which has caused "extreme emotional duress and missed work for Barbara and Jeanie."[50] Further, Count III (Disability Discrimination) of the proposed FAC contains factual allegations of potential retaliation against Ms. Williams.[51] For example, it alleges that "Plaintiff Barbara Williams has suffered extreme emotional duress after being treated like an enemy," "disrespected, screamed at in front of other staff," and "told to not speak."[52]

Plaintiffs may be able to state a claim for ADA retaliation as to Ms. Williams if Plaintiffs sufficiently allege a causal nexus between MSBSD's actions and Ms. Williams's protected activity on behalf of Ms. Lombard. But currently, the proposed FAC does not sufficiently allege how and whether these alleged adverse actions against Ms. Williams were done in retaliation for Ms. Williams's disability advocacy efforts on behalf of Ms. Lombard.[53]

---

[49] *Id.* at 827-28.

[50] Docket 12-2 at 10.

[51] Docket 12-2 at 11. The Court considers the allegations in Count III when addressing Count II because a complaint filed by a self-represented litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

[52] Docket 12-2 at 7-8.

[53] *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004); *see also Barker*,

Plaintiffs may file a second amended complaint as to Ms. Williams, but only for a retaliation claim. Any such claim must be stated as a discrete claim entirely separate from any such claim for Ms. Lombard. Further, Ninth Circuit precedent establishes that neither Ms. Lombard nor Ms. Williams can receive an award of compensatory or punitive damages for an ADA or Section 504 retaliation claim.[54] Any such claim must seek injunctive relief and/or nominal damages only.[55] If injunctive relief is sought by Ms. Williams for a retaliation claim(s), the amended complaint should specify the nature of the injunctive relief that she is seeking.

The Court observes that several of the allegations in the proposed FAC, especially in Count II, appear to be written by Ms. Williams on Ms. Lombard's behalf.[56] Alaska Stat. § 08.08.210(a) provides: "A person may not engage in the practice of law in the state unless the person is licensed to practice law in the state and is an active member of the Alaska Bar." The "unlicensed, in-court

---

584 F.3d at 825. Ms. Williams may also be able to state a retaliation claim under the RA. *See id.* at 827 (citing *Innovative Health Sys., Inc. v. City of White Plains,* 117 F.3d 37, 46-48 (2nd Cir. 1997)) ("We find that [the plaintiff] does have standing under Title II for the same reasons that she has standing under section 504 of the Rehabilitation Act.").

[54] *See Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1270 (9th Cir. 2009) (holding "that punitive and compensatory damages are not available for ADA retaliation claims"); *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 863 (9th Cir. 2017) ("Because Congress did not specify in the act that [compensatory and punitive] damages were to be available in the context of ADA claims brought under § 12203, this Court held that such claims remain 'redressable only by equitable relief' in *Alvarado*, 588 F.3d at 1264-70.").

[55] *See Bayer*, 861 F.3d at 874 ("We therefore conclude § 12203 [of the ADA] authorizes courts to award nominal damages as equitable relief when complete justice requires.").

[56] *See* Docket 12-2 at 8-10.

representation of another falls within the prohibition of AS 08.08.210(a)."[57] It appears that Ms. Williams is neither a licensed attorney nor authorized to practice law before this Court. While the Court acknowledges that it is difficult for a self-represented litigant to litigate their claims, Ms. Williams cannot litigate Ms. Lombard's claims on her behalf.

For the foregoing reasons, the Court finds that the original Complaint and the proposed FAC fail to state a viable claim for relief as to Ms. Williams. MSBSD's Motion to Dismiss at Docket 6 is therefore **GRANTED** for failure to state a claim as to Ms. Williams. Because the Court finds that the granting of MSBSD's motion to dismiss as to Ms. Williams is warranted on this basis, the Court does not reach MSBSD's additional arguments as to why her dismissal is warranted.

### C. Leave to Amend

As discussed above, Ms. Williams may be able to state a viable ADA retaliation claim seeking only equitable relief and/or nominal damages. Therefore, Plaintiffs may file a Second Amended Complaint ("SAC") **within 30 days of the date of this order**. Plaintiffs' SAC must restate all of Ms. Lombard's claims and must "not incorporate by reference any prior pleading, including exhibits," because an amended complaint replaces the prior complaint in its entirety.[58] All of Ms.

---

[57] *Christiansen v. Melinda*, 857 P.2d 345, 347 (Alaska 1993).

[58] *See* L.Civ.R. 15.1; Fed. R. Civ. P. 15; *see also Valadez-Lopez v. Chertoff,* 656 F.3d 851, 857 (9th Cir. 2011) ("It is well-established that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (citations omitted).

Case No. 3:25-cv-00341-SLG, *Lombard, et al. v. MSBSD et al.*
Order on Five Pending Motions
Page 15 of 26
Case 3:25-cv-00341-SLG    Document 33    Filed 04/09/26    Page 15 of 26

Lombard's claims must also be included in the amended complaint or will otherwise be considered waived.[59] Any claim brought by Ms. Williams must be separately stated from any claim brought by Ms. Lombard and must be consistent with the terms of this order. An amended complaint should identify the specific injury that each plaintiff is alleging was caused by MSBSD, who caused that injury, when that injury occurred, and where that injury occurred.

In the event Plaintiffs file a SAC that states a viable cause of action as to each Plaintiff, pursuant to Federal Rule of Civil Procedure 42, the Court may nonetheless determine that severance of Ms. Lombard's and Ms. Williams's respective claims into two separate trials is warranted.[60]

### III.     Motion for Preliminary Injunctive Relief

Plaintiffs seek a Court order "preventing Defendant from terminating [Ms. Lombard's] employment pending adjudication of this matter."[61] Plaintiffs indicate that MSBSD "has scheduled a pre-termination hearing on April 8, 2026" and as a result, Ms. Lombard asserts she "faces imminent termination absent immediate judicial intervention."[62]

---

[59] *See Lacey v. Maricopa County,* 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

[60] Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.").

[61] Docket 26 at 1-2.

[62] Docket 26 at 2.

Case No. 3:25-cv-00341-SLG, *Lombard, et al. v. MSBSD et al.*
Order on Five Pending Motions
Page 16 of 26
Case 3:25-cv-00341-SLG     Document 33     Filed 04/09/26     Page 16 of 26

The relevant facts as set forth by Plaintiffs on this motion are as follows:

In 2020, MSBSD entered into a stipulation with Ms. Lombard in which it agreed to provide Ms. Lombard with accommodations relating to her vision impairment.[63] According to Ms. Lombard, "[d]espite this agreement, the district repeatedly failed to fully implement accommodation."[64] Ms. Lombard also asserts that "disciplinary actions against Plaintiff began to escalate" after: (1) "multiple interactive process meetings" regarding accommodation and accessibility needs;[65] (2) Ms. Lombard's December 2024 workplace safety complaint with the Alaska Occupational Safety and Health Section ("AKOSH") "concerning missing safety posters and hallway obstruction hazards";[66] and (3) Ms. Lombard's "Civil Rights Complaints" with the Equal Employment Opportunity Commission ("EEOC") and the Alaska Human Rights Commission.[67]

In May 2025 and November 2025, MSBSD imposed two disciplinary measures against Ms. Lombard relating to alleged sick leave abuse and a break room incident.[68]

---

[63] Docket 26 at 2.

[64] Docket 26 at 3.

[65] Docket 26 at 3.

[66] Docket 26 at 3. "In February 2025 AKOSHA issued a citation to the School District relating to that complaint." Docket 26 at 3. Plaintiffs use the acronym "AKOSHA" when referring to the Alaska Occupational Safety and Health Section.

[67] Docket 26 at 3.

[68] Docket 26 at 4.

Case No. 3:25-cv-00341-SLG, *Lombard, et al. v. MSBSD et al.*
Order on Five Pending Motions
Page 17 of 26
Case 3:25-cv-00341-SLG    Document 33    Filed 04/09/26    Page 17 of 26

On January 9, 2026, Ms. Lombard "submitted a vision specialist accommodation letter" to MSBSD's Human Resources Department "requesting additional accommodation related to visual limitations."[69]

On January 12, 2026, Ms. Lombard was involved in "a routine student redirection incident" "during gym supervision."[70]

On January 14, 2026, Ms. Lombard was placed on paid administrative leave pending investigation for allegedly mishandling the child in the January 12, 2026 incident.[71]

On January 21, 2026, Ms. Lombard filed an Ethics Complaint against the principal at Ms. Lombard's school.[72]

On February 2, 2026, the principal at Ms. Lombard's school informed students' parents that Ms. Lombard would not be returning to the school.[73]

On February 23, 2026, MSBSD "issued a notice of proposed dismissal along with a termination evidence binder."[74]

---

[69] Docket 26 at 4.

[70] Docket 26 at 4.

[71] Docket 26 at 4.

[72] Docket 26 at 5. Based on Plaintiffs' motion at Docket 26, it is unclear with what entity the Ethics Complaint was filed.

[73] Docket 26 at 4.

[74] Docket 26 at 5.

Case No. 3:25-cv-00341-SLG, *Lombard, et al. v. MSBSD et al.*
Order on Five Pending Motions
Page 18 of 26
Case 3:25-cv-00341-SLG    Document 33    Filed 04/09/26    Page 18 of 26

Ms. Lombard had a pre-termination hearing scheduled for April 8, 2026.[75]

## A. Exhaustion of Administrative Remedies

Defendants assert that remedies at law are available to Ms. Lombard and preliminary injunctive relief is unwarranted.[76] "For example, if MSBSD wrongfully terminates Plaintiff's employment, Plaintiff would have the right to have that decision reviewed by the MSBSD School Board or by a neutral arbitrator" pursuant to Alaska Stat. § 14.20.180."[77]

"The usual tests for a preliminary injunction apply to employment discrimination cases."[78] And a plaintiff is generally required to exhaust her administrative remedies before seeking judicial relief.[79] In a Title VII employment discrimination case, the Ninth Circuit held that only in a "'limited class of cases'" does "a district court ha[ve] jurisdiction to grant a preliminary injunction in a Title VII case before the completion of the administrative process in order to maintain the status quo."[80]

---

[75] Docket 26 at 6.

[76] Docket 21 at 7 ("Plaintiff has significant Constitutional, statutory and contractual protections as a public school district employee in Alaska.").

[77] Docket 21 at 6 (citing Alaska Stat. § 14.20.180).

[78] *Anderson v. United States*, 612 F.2d 1112, 1116 (9th Cir. 1979).

[79] *Am. Ass'n of Cosmetology Schs. v. Riley*, 170 F.3d 1250, 1255 (9th Cir. 1999) ("[The plaintiff] has not participated in any administrative process, yet seeks to invalidate the appeals process because of decisions that might have come out differently under a different set of procedures based on different factual determinations. We believe this is best accomplished through the ordinary channels of judicial review after final agency action.").

[80] *Duke v. Langdon*, 695 F.2d 1136, 1137 (9th Cir. 1983) (citing *Berg v. Richmond Unified Sch.*

Case No. 3:25-cv-00341-SLG, *Lombard, et al. v. MSBSD et al.*
Order on Five Pending Motions
Page 19 of 26
Case 3:25-cv-00341-SLG     Document 33     Filed 04/09/26     Page 19 of 26

Maintaining the status quo pending the disposition of an ongoing administrative agency action may be warranted when there is both "a high probability of the claimant's ultimate success on the merits and the threat of irreparable injury."[81] But as discussed in the following section of this order, Ms. Lombard has not established that there is a threat of irreparable injury to her in the absence of preliminary injunctive relief.[82]

Further, it is clear that Ms. Lombard has not exhausted her state law administrative remedies. Under Alaska law, in the event of an unfavorable termination decision, Alaska Stat. § 14.20.180(c) and (e) provide potential bases for relief and an opportunity to be heard by an impartial decisionmaker. Alaska Stat. § 14.20.180(c) allows a teacher to contest her dismissal by notifying the superintendent in writing that she is seeking a formal hearing before the school board. This hearing can be public or private, be under oath or affirmation, and the teacher may be represented by counsel and cross-examine witnesses.[83] And, "[i]f the school board sustains the dismissal or nonretention, the teacher may appeal

---

*Dist.*, 528 F.2d 1208, 1211 (9th Cir. 1975), *vacated and remanded on the merits per curiam*, 434 U.S. 158, 98 (1977)); *see also Berg*, 528 F.2d at 1211 ("In a limited class of cases such as this one, in which there exist both a high probability of the claimant's ultimate success on the merits and the threat of irreparable injury of the sort which the Act seeks to avoid, a Title VII claimant may personally bring suit to maintain the status quo pending disposition by the EEOC of the underlying charge of discrimination.") (citations omitted).

[81] *Berg*, 528 F.2d at 1211.

[82] *See infra* Discussion Section III.B.

[83] Alaska Stat. § 14.20.180(d).

the decision to the superior court for judicial review based on the administrative record."[84]

Alternatively, a terminated teacher may elect to pursue the grievance procedures set forth under Alaska Stat. § 14.20.180(e), which provide the teacher with a public or private informal hearing before the school board. If the board sustains the dismissal or non-retention, and the teacher still disputes the dismissal, then the teacher may "give written notice to the school board and submit the matter to arbitration under the rules of the American Arbitration Association."[85]

Further, in the event Ms. Lombard is indeed terminated (an issue that the Court expresses no opinion on at this juncture), she may be able to obtain post-termination relief in her pending EEOC action, at which point Ms. Lombard may receive an EEOC right-to-sue letter.[86]

The Court finds that a preliminary injunction is not warranted because Ms. Lombard has failed to exhaust her administrative remedies.

**B. Irreparable Harm**

---

[84] *Id.*

[85] Alaska Stat. § 14.20.180(e). "The decision of the arbitrator is final and binding on the school board, the teacher, and the bargaining organization representing the teacher, if any. If the school board and the teacher agree, they may waive the informal hearing under this subsection and submit the matter directly to arbitration." *Id.*

[86] *See Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1245 (9th Cir. 2010) (citing 42 U.S.C. § 2000e–5(f)(1)) ("After receiving an EEOC right-to-sue letter or becoming eligible for one by the Commission's inaction, a plaintiff generally has 90 days to file suit."); *see also Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1104 (9th Cir. 2018) (citing 42 U.S.C. § 2000e-5) ("Under Title VII, an aggrieved person wishing to bring a claim against an employer must exhaust administrative remedies by filing a charge with the [EEOC] or a qualifying state agency and receiving a right-to-sue notice.").

Case No. 3:25-cv-00341-SLG, *Lombard, et al. v. MSBSD et al.*
Order on Five Pending Motions
Page 21 of 26
Case 3:25-cv-00341-SLG     Document 33     Filed 04/09/26     Page 21 of 26

Ms. Lombard seeks preliminary injunctive relief prohibiting MSBSD from terminating her. She maintains such relief is necessary because her employment "is her lifeline and her ability to support herself."[87] Ms. Lombard also asserts that preliminary injunctive relief is necessary because MSBSD has altered and/or deleted evidence, such as video footage that purports to show Ms. Lombard allegedly mishandling a child on the floor of the school gym and the hard drive of her work computer.[88]

A plaintiff "must demonstrate that in the absence of a preliminary injunction, the [plaintiff] is likely to suffer irreparable harm before a decision on the merits can be rendered."[89] "A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."[90]

In *Sampson v. Murray*, a federal employee sought a court order declaring that her discharge was invalid and preliminary injunctive relief restraining the termination of her employment during the pendency of the lawsuit.[91] The district court granted a temporary restraining order and the circuit court affirmed the district

---

[87] Docket 31 at 4.

[88] Docket 31 at 4-5.

[89] *Winter*, 555 U.S. at 22 (internal citations omitted).

[90] *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1022 (9th Cir. 2016) (quoting *Caribbean Marine Servs. Co., Inc. v. Baldrige,* 844 F.2d 668, 674 (9th Cir. 1988) (emphasis in original)).

[91] 415 U.S. 61, 64-65 (1974).

court's issuance of injunctive relief.[92]  The Supreme Court reversed and held that "insufficiency of savings or difficulties in obtaining other employment—external factors common to most discharged employees and not attributable to any unusual actions relating to the discharge itself—will not support a finding of irreparable injury, however severely they may affect a particular individual."[93]

As an initial matter, as of this date and according to the record before this Court, Ms. Lombard has not been terminated.  And although the alleged communication from an MSBSD  principal to students' parents may suggest there is a likelihood of termination,[94] in the employment context, discharge and its associated consequences do not ordinarily constitute irreparable harm, no matter how "severely they may affect a particular individual."[95]   While the Court acknowledges Ms. Lombard's financial concerns if her employment is terminated, "[t]emporary economic loss alone generally is not a basis for injunctive relief."[96]

Having determined that Ms. Lombard has not demonstrated that she is likely to suffer irreparable harm in the absence of preliminary injunctive relief, the Court does not address the other *Winter* factors.  For the foregoing reasons, Plaintiffs'

---

[92] *Id.* at 63.

[93] *Id.* at 91-92 n.68.

[94] *See* Docket 26 at 4 ("[T]he principal has also told student parents via in writing on February 2, 2026 that I would not be returning to the school.").

[95] *Sampson*, 415 U.S. at 91-92 n.68.

[96] *Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935, 938 (9th Cir. 1987).

Request for Preliminary Injunction and Temporary Restraining Orders at Docket 26 is **DENIED**.

## IV. Request for Extension of Time to Exchange Discovery Needed According to Courts Pretrial Deadlines

Plaintiffs' request for an extension of time was filed on March 18, 2026.[97] Plaintiffs "anticipate having the initial disclosures and Discovery to exchange with the Defendants no later than April 15, 2026."[98] MSBSD did not oppose this motion.

Plaintiffs' Request for Extension of Time to Exchange Discovery Needed According to Courts Pretrial Deadlines at Docket 28 is **GRANTED**.  The deadline for the exchange of initial disclosures and preliminary witness lists set forth in the Court's Scheduling and Planning Order at Docket 19 is **extended to April 15, 2026.**

## V. Request for Expedited Consideration for Request for Ruling on All Open Motions

Having determined Plaintiffs' requests for a preliminary injunction and a temporary restraining order, Plaintiffs' Request for Expedited Consideration for Request for Ruling on All Open Motions at Docket 30 is **DENIED as moot**.

### CONCLUSION

Based on the foregoing, IT IS ORDERED:

1.      MSBSD's Motion to Dismiss for Failure to State a Claim at Docket 6

---

[97] Docket 28.

[98] Docket 28 at 3.

is **GRANTED** as follows: Counts I and III are dismissed as to Ms. Williams without leave to amend.  The Court grants Plaintiffs leave to amend as to Ms. Williams, but as to Count II only.  Plaintiffs may file a Second Amended Complaint **no later than thirty (30) days from the date of this order**.  MSBSD's response to that complaint is due **no later than twenty-one (21) days thereafter**;

2. Plaintiffs' Cross Motion to Amend Complaint Adding Claims for Barbara Williams Individually and Dismissing Defendant NEA From This Matter at Docket 12 is **GRANTED IN PART AND DENIED IN PART as follows:** Plaintiffs' motion to amend their complaint is **DENIED** as to the proposed First Amended Complaint; the motion is **GRANTED** insofar as Defendant NEA is **DISMISSED** as a Defendant in this matter.  The Clerk of Court is directed to amend the case caption accordingly;

3. Plaintiffs' Request for Expedited Oral Argument for Preliminary Injunction and Temporary Restraining Orders at Docket 26 is **DENIED;**

4. Plaintiffs' Request for Extension of Time to Exchange Discovery Needed According to Courts Pretrial Deadlines at Docket 28 is **GRANTED**. The deadline for the exchange of initial disclosures and preliminary witness lists is **extended to April 15, 2026**; and

5. Plaintiffs' Request for Expedited Consideration for Request for Ruling on All Open Motions at Docket 30 is **DENIED as moot**.

IT IS SO ORDERED this 9th day of April, 2026, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00341-SLG, *Lombard, et al. v. MSBSD et al.*
Order on Five Pending Motions
Page 26 of 26
Case 3:25-cv-00341-SLG    Document 33    Filed 04/09/26    Page 26 of 26